STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

May 5, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GABRIELE BISCHOF,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0503** (BOR Appeal No. 2049835)
                        (Claim No. 2011009204)

**WOOD COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gabriele Bischof, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wood County Board of Education, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 28, 2015, in which the Board affirmed a September 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 10, 2012, decision to grant a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bischof, a bus driver for Wood County Board of Education, injured her leg and lower back on August 27, 2010, while attempting to stop children from getting off the bus. The Office of Judges held the claim compensable for a low back sprain, low back pain, lumbosacral neuritis, and radiculopathy. Notes from Donald Baker, M.D., of Camden Clark Hospital, dated September 8, 2010, found normal reflexes, strength, and sensation in the lower extremities. On October 27, 2010, Seyed Ghodsi, M.D., performed a neurosurgical consultation and found normal strength, motor function, and sensation in the lower extremities.

1

From December 8, 2010, through April 13, 2013, Matthew Walker, M.D., evaluated Ms. Bischof several times and documented normal strength, muscle tone, and sensation in the lower extremities. On April 24, 2012, an independent medical evaluation performed by Sushil Sethi, M.D., found she was at maximum medical improvement and suffered from 5% permanent partial disability. Dr. Sethi opined that all she sustained was a lumbar strain. He felt that any other issues were degenerative in nature. The claims administrator granted Ms. Bischof a 5% permanent partial disability award on August 10, 2012.

On March 25, 2013, David Soulsby, M.D., performed an independent medical evaluation in which he found that Ms. Bischof was at maximum medical improvement. He opined that she had 17% impairment but that 70% of the impairment was related to her pre-existing spondylolisthesis. He then placed her into Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006) and assessed 5% whole person impairment.

Treatment notes from Christopher Martin, M.D., dated June 26, 2013, found no significant lower extremity symptoms such as loss of strength, reflexes, or muscle tone. He found that Ms. Bischof's alleged radiculopathy did not follow an L5 distribution. On July 22, 2013, Bruce Guberman, M.D., performed an independent medical evaluation. He placed Ms. Bischof in Lumbar Category III of West Virginia Code of State Rules § 85-20-C. He also found significant radiculopathy and atrophy of the right leg. Dr. Guberman assessed 13% whole person impairment but also stated that it would be appropriate for her to receive transforaminal epidural injections.

The Office of Judges affirmed the claims administrator's decision on September 13, 2014. It determined that Ms. Bischof sustained 5% permanent partial disability as a result of her compensable injury. The Office of Judges found that three independent medical evaluations were submitted into the record. Dr. Guberman assessed 13% impairment while Dr. Soulsby and Dr. Sethi found 5% impairment. The Office of Judges adopted the report of Dr. Soulsby because it was the best measure of impairment. The Office of Judges declined to adopt Dr. Guberman's report because it believed that placing Ms. Bischof in Category III of West Virginia Code of State Rules § 85-20-C was inappropriate. It noted that placement in Category III requires significant signs of radiculopathy. Dr. Baker found normal strength and sensation in the lower extremities. Dr. Ghodsi, in his neurological evaluation, found normal strength, motor function, and sensation in the lower extremities. Finally, Dr. Martin found no evidence of significant neurological abnormalities such as changes in reflexes, muscle weakness, or sensory abnormalities. He did note that Ms. Bischof reported radicular symptoms but they did not follow a normal L5 distribution. The Office of Judges concluded that Dr. Soulsby's was the most persuasive report because he apportioned his rating consistent with the evidence. There was ample evidence of pre-existing lumbar spondylolisthesis, and he took that into account. Furthermore, there was little evidence showing significant radiculopathy. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on April 28, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Ms. Bischof urges this Court to consider the Office of Judges' Order of June 2, 2015,

2

adding the L5-S1 disc herniation as a compensable diagnosis in the claim. Ms. Bischof failed to request a remand or an additional independent medical evaluation. This assertion alone, without an argument of how it should change the outcome of the case, is not enough to show this Court that a reversible error has occurred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3